UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TARGETED JUSTICE INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:24-cv-00016 |
| OFFICE OF THE ATTORNEY GENERAL, | § § § § | |
| Defendant. | § § | |

## **DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Office of the Attorney General ("OAG") moves for a protective order pursuant to Fed. R. Civ. P. 26(c) and respectfully requests that the Court stay discovery until after the OAG files a motion for summary judgment and allow discovery, which is rare and disfavored in a FOIA suit, only if Plaintiff establishes that such discovery is appropriate.

## **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff filed this case on March 30, 2024 (ECF No. 1), alleging claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant answered on July 3, 2024 (ECF No. 8). Plaintiff served discovery requests on Defendant on July 29, 2024. Defendant now moves for a protective order.

## **STANDARD OF REVIEW**

A grant of a discovery order is reviewed for abuse of discretion. *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014) (internal citations omitted).

**ARGUMENT**

"Discovery is 'generally inappropriate' in FOIA cases." *Brewer v. United States Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-CV-1018-B, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019) (citing, *e.g.*, *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014)); *see also Thomas v. Dep't of Health & Hum. Servs., Food & Drug Admin.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch, Inc. v. United States Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) ("[D]iscovery is generally inappropriate in a FOIA case.") (internal citations omitted); *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (same).

As a general rule, courts disallow discovery in FOIA actions or permit discovery, "when deemed necessary, only on a limited basis." *Jobe v. Nat'l Transportation Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (citing *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)). If discovery is allowed in a FOIA action, it is deemed appropriate "only after the agency has moved for summary judgment and submitted supporting affidavits or declarations." *Id.* (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). Accordingly, "[i]t is within a district court's sound discretion to halt discovery in a FOIA case until after action on a motion for summary judgment." *Negley*, 589 F. App'x at 732 (affirming protective order halting discovery in FOIA case) (internal citations omitted).

Even after a motion for summary judgment is filed in a FOIA case, discovery is not automatically allowed. "Courts typically do not compel FOIA discovery 'until the government has first had a chance to provide the court with the information necessary to make a decision

2

on the applicable exemptions.'" *Physicians ACO, LLC v. Burwell*, No. 4:15-CV-00803, 2017 WL 3288057, at *3 (S.D. Tex. Aug. 1, 2017), aff'd sub nom. *Physician ACO, Ltd. Liab. Corp. v. Azar*, 756 F. App'x 457 (5th Cir. 2019) (denying motion to compel discovery in FOIA suit). Discovery is typically "not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith." *Id.* (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991)). Since "[d]iscovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, . . . a district court may *forgo discovery* and award summary judgment on the basis of submitted affidavits or declarations." *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), objections overruled, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011) (citing *Wood v. Fed. Bureau of Investig.*, 432 F.3d 78, 85 (3d Cir. 2005)) (emphasis added). "To justify discovery after an agency has submitted facially adequate declarations, the requester *must show bad faith* or tangible evidence that summary judgment is inappropriate." *Id.* (citing *Hardy v. U.S. Dep't of Def.*, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, at *4 (D. Ariz. Aug. 27, 2001)) (emphasis added); *see also Perez v. Holder*, No. 2:12-CV-2924, 2015 WL 4094692, at *3 (W.D. La. Apr. 1, 2015), report and recommendation adopted, No. 2:12-CV-2924, 2015 WL 4112518 (W.D. La. July 7, 2015) ("Courts permit discovery in FOIA cases only where a 'plaintiff has made a sufficient showing that the agency acted in bad faith.'") (citing *Voinche v. FBI*, 412 F.Supp.2d 60, 72 (D.D.C.2006)).

Here, discovery should be stayed unless and until Plaintiff—after the OAG has moved for summary judgment—meets its burden of showing bad faith. *See Jobe*, No. CV 18-10547, 2019 WL 13222971, at *1.

## CONCLUSION

For the foregoing reasons, Defendant Office of the Attorney General moves for a protective order pursuant to Fed. R. Civ. P. 26(c), staying discovery until after the OAG files a motion for summary judgment and until the Court determines that Plaintiff has shown such discovery is appropriate.

Dated: August 2, 2024.                      Respectfully submitted,

                                                        ALAMDAR S. HAMDANI
                                                        UNITED STATES ATTORNEY

                                                        By:  /s/*Lander B. Baiamonte*
                                                              LANDER B. BAIAMONTE
                                                              Assistant United States Attorney
                                                              Southern District of Texas No.: 3312493
                                                              Texas State Bar No.: 24103831
                                                              800 N. Shoreline Blvd., Suite 500
                                                              Corpus Christi, TX 78401
                                                              Telephone No.: (361) 888.3111
                                                              Facsimile No.: (361) 888.3200
                                                              E-Mail: lander.baiamonte@usdoj.gov
                                                              **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF CONFERENCE**

I certify that on August 2, 2024, I conferred via email with counsel for Plaintiff. Plaintiff opposes the foregoing motion.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on August 2, 2024, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney