**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **TARGETED JUSTICE INC.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:24-cv-00016** |
| | § | |
| **OFFICE OF THE ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant the United States Department of Justice ("DOJ"), along with its component co-Defendant the Office of Information Policy ("OIP")[1] (collectively, "Defendant"), by and through undersigned counsel, moves for a protective order pursuant to Fed. R. Civ. P. 26(c) and respectfully requests that the Court stay discovery until after Defendant files a motion for summary judgment and allow discovery, which is extremely rare and disfavored in FOIA litigation, only if Plaintiff establishes that such discovery is appropriate.

NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this case on May 30, 2024 (ECF No. 1), alleging claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant answered Plaintiff's Complaint on July 3, 2024 (ECF No. 8). Plaintiff served discovery requests on Defendant on July 29, 2024, which it subsequently withdrew following Defendant filing a motion for protective order at the initial pretrial scheduling conference on August 19, 2024. The Court held a status conference on October

[1] As previously stated in Defendant's Answer, the Initial Request Staff of the Office of Information Policy is responsible for processing FOIA requests seeking records from the Office of the Attorney General, the DOJ office that is listed as a co-Defendant in Plaintiff's Complaint. *See* ECF Nos. 1 and 8.

2, 2024, during which Defendant gave an update on the ongoing search in response to Plaintiff's FOIA request and, in a subsequent Minute Order on the same day, the Court instructed Defendant to file status reports with the court every sixty days. On October 22, 2024, Plaintiff served Defendant with written discovery. *See* Exhibit 1. On November 18, 2024, Defendant, through counsel, issued its final response to Plaintiff's FOIA request[2], which indicates that searches were conducted, including a search of the Office of the Attorney General, and no responsive records were located. *See* Exhibit 2.

**STANDARD OF REVIEW**

A grant of a discovery order is reviewed for abuse of discretion. *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014) (internal citations omitted).

**ARGUMENT**

"Discovery is 'generally inappropriate' in FOIA cases." *Brewer v. United States Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-CV-1018-B, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019) (citing, *e.g.*, *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014)); *see also Thomas v. Dep't of Health & Hum. Servs., Food & Drug Admin.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch, Inc. v. United States Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) ("[D]iscovery is generally inappropriate in a FOIA case.") (internal citations omitted); *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (same).

As a general rule, courts disallow discovery in FOIA actions or permit discovery, "when deemed necessary, only on a limited basis." *Jobe v. Nat'l Transportation Safety Bd.*, No. CV 18-

[2] Defendant's final response letter is dated November 14, 2024, and was transmitted from Defendant's counsel to Plaintiff's counsel via e-mail on November 18, 2024.

10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (citing *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)). If discovery is allowed in a FOIA action, it is deemed appropriate "only after the agency has moved for summary judgment and submitted supporting affidavits or declarations." *Id*. (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). Accordingly, "[i]t is within a district court's sound discretion to halt discovery in a FOIA case until after action on a motion for summary judg[]ment." *Targeted Just., Inc. v. F.B.I.,* No. 6:24-CV-00005, 2024 WL 3223672, at *2 (S.D. Tex. June 4, 2024) (citing *Negley*, 589 F. App'x at 732).

Even after a motion for summary judgment is filed in a FOIA case, discovery is not automatically allowed. "Courts typically do not compel FOIA discovery 'until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.'" *Physicians ACO, LLC v. Burwell*, No. 4:15-CV-00803, 2017 WL 3288057, at *3 (S.D. Tex. Aug. 1, 2017), aff'd sub nom. *Physician ACO, Ltd. Liab. Corp. v. Azar*, 756 F. App'x 457 (5th Cir. 2019) (denying motion to compel discovery in FOIA suit). Discovery is typically "not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith." *Id*. (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991)). Since "[d]iscovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, . . . a district court may *forgo discovery* and award summary judgment on the basis of submitted affidavits or declarations." *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), objections overruled, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011) (citing *Wood v. F.B.I.*, 432 F.3d 78, 85 (3d Cir. 2005)) (emphasis added). "To justify discovery after an agency has submitted facially adequate declarations, the requester *must show bad faith* or tangible evidence that summary judgment is inappropriate." *Id*. (citing *Hardy v. U.S. Dep't of Def.*, No. CV-99-523-

TUC-FRZ, 2001 WL 34354945, at *4 (D. Ariz. Aug. 27, 2001)) (emphasis added); *see also Perez v. Holder*, No. 2:12-CV-2924, 2015 WL 4094692, at *3 (W.D. La. Apr. 1, 2015), report and recommendation adopted, No. 2:12-CV-2924, 2015 WL 4112518 (W.D. La. July 7, 2015) ("Courts permit discovery in FOIA cases only where a 'plaintiff has made a sufficient showing that the agency acted in bad faith.'") (citing *Voinche v. F.B.I.*, 412 F.Supp.2d 60, 72 (D.D.C. 2006)).

Defendant issued its final response to Plaintiff's FOIA request, which indicates that searches were conducted and no responsive records were located. Defendant acknowledges that Plaintiff may challenge the adequacy of the searches conducted. However, a motion for summary judgment is the appropriate vehicle for addressing any such search challenges identified by Plaintiff and for the Defendant to defend the adequacy of the searches, thereby providing sufficient information for the Court to determine whether discovery is warranted.[3] "Only after Defendant files a motion for summary judgment and supporting affidavits will the Court have the information necessary to appropriately limit the scope of discovery or forgo it entirely." *Targeted Just., Inc. v. F.B.I.,* No. 6:24-CV-00005, 2024 WL 3223672, at *2 (S.D. Tex. June 4, 2024).

Thus, discovery should be stayed unless and until Plaintiff—after Defendant has moved for summary judgment and fully briefed any challenges for the Court's consideration[4]—meets its burden of showing bad faith. *See Jobe*, No. CV 18-10547, 2019 WL 13222971, at *1.

---

[3] Per its standard practice of attempting to resolve search challenges as identified by Plaintiffs before seeking the court's intervention, and in the interest of judicial efficiency, at such time here when Plaintiff indicates that it intends to challenge the adequacy of the searches conducted, Defendant is willing to meet and confer with Plaintiff to attempt to narrow or eliminate search issues requiring this Court's intervention and respond to any questions or concerns.

[4] And, if permitted by the Court, only after the parties have attempted to narrow or eliminate search issues requiring this Court's intervention.

## CONCLUSION

For the foregoing reasons, Defendant moves for a protective order pursuant to Fed. R. Civ. P. 26(c), staying discovery until after Defendant files a motion for summary judgment and until the Court determines that Plaintiff has shown such discovery is appropriate.

Dated: November 19, 2024.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: /s/*Lander B. Baiamonte*
LANDER B. BAIAMONTE
Assistant United States Attorney
Southern District of Texas No.: 3312493
Texas State Bar No.: 24103831
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
Telephone No.: (361) 888.3111
Facsimile No.: (361) 888.3200
E-Mail: lander.baiamonte@usdoj.gov
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that on November 18, 2024, I conferred via email with counsel for Plaintiff. Plaintiff opposes the foregoing motion.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2024, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney