## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

<table>
<tr><td>TARGETED JUSTICE INC.,</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>Plaintiff,</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>v.</td><td>§</td><td>Civil Action No. 6:24-cv-00016</td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>OFFICE OF THE ATTORNEY</td><td>§</td><td></td></tr>
<tr><td>GENERAL, UNITED STATES</td><td>§</td><td></td></tr>
<tr><td>DEPARTMENT OF JUSTICE</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>Defendant.</td><td>§</td><td></td></tr>
</table>

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendant the Department of Justice ("the Department" or "DOJ"), through its components the Office of the Attorney General and the Office of Information Policy ("OIP")[1] (collectively, "Defendant"), by and through counsel, respectfully moves for summary judgment.

## I.     INTRODUCTION

In this Freedom of Information Act ("FOIA") case, Plaintiff's FOIA request seeks records related to the Terrorist Screening Database ("TSDB"), namely, records from Attorneys General or their designees that contain waivers to requirements for placing individuals on the TSDB. OIP, which processes FOIA requests for records maintained by the Department's Office of Attorney General ("OAG"), conducted a search for records responsive to Plaintiff's request

---

[1] As previously stated in Defendant's Answer (ECF No. 8), OIP's Initial Request Staff is responsible for processing FOIA requests seeking records from the Office of the Attorney General, the DOJ office named in Plaintiff's Complaint (ECF No. 1).

and located no responsive records. OIP first searched for OAG electronic and physical paper records within three distinct records systems. Having identified no responsive records from these initial searches, OIP then reached out to DOJ leadership offices and Federal Bureau of Investigation ("FBI") TSDB subject matter experts for further guidance on its search efforts. Thus, the relevant issue is the adequacy of the search conducted by Defendant. As presented below, and as described in detail in the accompanying OIP declaration, Defendant conducted a reasonable search under the FOIA, and the Court should therefore grant summary judgment to Defendant.

## II.    BACKGROUND

On February 5, 2024, Plaintiff submitted a FOIA request via Defendant's online FOIA request portal. *See* Decl. of Vanessa R. Brinkmann ¶ 4 ("Brinkmann Decl.") & Ex. A. Plaintiff's FOIA request seeks: "1. [a]ll documents by any Attorney General or his/her designee containing waivers to the "reasonable suspicion criteria" requirement to place individuals' identities on the Terrorist Screening Database pursuant to 58 FR 48452 § 23.20(o)/ 28 CFR § 23.20(o)," and "2. [a]ll documents by any Attorney General or his/her designee containing waivers to any and all requirements to place individuals on the Terrorist Screening Database, issued under the authority of 58 FR 48452 § 23.20(o)/ 28 CFR § 23.20(o)." *Id.*

By letter dated February 13, 2024, Defendant acknowledged Plaintiff's FOIA request and assigned request number FOIA-2024-01043. *Id* at ¶ 5 & Ex. B. Defendant also denied Plaintiff's request for expedited processing. *Id.* Finally, Defendant invoked unusual circumstances, informing Plaintiff that it would not be able to respond within the twenty-working-day time limit, or within the ten additional days provided by the FOIA statute and

assigned Plaintiff's request to the complex processing track. *Id.* On May 30, 2024, Plaintiff filed the Complaint in the instant action. (ECF No. 1). By letter dated November 14, 2024, Defendant issued its final response to Plaintiff's FOIA request. Brinkmann Decl. at ¶ 7 & Ex. C. Defendant informed Plaintiff that searches were conducted and no records responsive to Plaintiff's request were located. *Id.*

As it concerns the present motion for summary judgment, on October 22, 2024, Plaintiff served the undersigned counsel with written discovery. On November 20, 2024, Defendant filed a motion for protective order to stay Plaintiff's discovery requests (ECF No. 11). On February 10, 2025, the Court granted the protective order, staying discovery until after the filing of a motion for summary judgment (ECF No. 20). Defendant now moves for summary judgment. Because Defendant did not locate records responsive to Plaintiff's FOIA request or withhold any information pursuant to FOIA exemptions, the relevant issue before the Court is whether Defendant conducted an adequate search under the FOIA.

## III.    ARGUMENT

### A.  Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence." *Vallecillo v. U.S. Dep't of Hous. & Urb. Dev.*, 155 F. App'x 764, 766 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). "Mere 'conclusory allegations, speculation, and unsubstantiated assertions,' without more, are insufficient to satisfy the non-movant's burden at the summary judgment stage." *Carr v. Sanderson Farms, Inc.*, 665 F.

App'x 335, 338-39 (5th Cir. 2016) (quoting *Ramsey v. Henderson*, 286 F.3d. 264, 269 (5th Cir. 2002)). A self-serving affidavit or deposition is insufficient to create a fact issue when the contests are conclusory, vague, or not based on personal knowledge. *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160-61 (5th Cir. 2021).

FOIA cases "typically and appropriately are decided on motions for summary judgment." *Transparency Project v. U.S. Dep't of Just.*, No. 420CV00467SDJCAN, 2022 WL 18776191, at *2 (E.D. Tex. Sept. 9, 2022) (citing *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). As a general matter related to the issue at hand in this case, an agency can demonstrate the adequacy of its search in response to a FOIA request by showing that it made "a good-faith effort to conduct a search for the requested records," *Nation Mag v. U.S. Customs Serv.,* 71 F.3d 885, 890 (D.C. Cir. 1995), and that it used "methods which can be reasonably expected to produce the information requested." *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57,68 (D.C. Cir. 1990)). FOIA "does not require an agency to show that it has identified every document that is responsive to a request, but only that 'it performed a search reasonably calculated to yield responsive documents.'" *Negley v. F.B.I.*, 589 F. App'x 726, 729 (5th Cir. 2014) (citing *Batton,* 598 F.3d at 176). Further, a satisfactory search need not include every record system to pass muster. *See Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022); *Batton*, 589 F.3d at 176. This request-specific "reasonableness" standard focuses on the method of the search, not its results; and a search is not unreasonable simply because it fails to produce relevant material. *See Batton*, 598 F.3d at 176 ("While [Plaintiff] asserts that other documents may exist that were not located in the search, we must decide only whether the search [conducted] was adequate.").

To satisfy this reasonableness standard and thereby demonstrate that its search is adequate, an agency can submit supporting affidavits or declarations that describe its search methods. *See Negley,* 589 F. App'x at 729; *Verde v. FAA*, 287 F. Supp. 3d 661, 667 (S.D. Tex. 2018) ("[A]n agency 'may rely upon affidavits to show it has conducted a reasonable search . . .'" (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983))). These agency submissions should be "relatively detailed and nonconclusory and . . . submitted in good faith." *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978). *See also Gahagan v. USCIS*, 147 F. Supp. 3d 613, 621 (E.D. La. 2015) (stating that agency submissions "must be clear, specific and reasonably detailed while describing [information] in a factual and nonconclusory manner," without evidence of bad faith). A search declaration need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982), but should demonstrate "that the search method . . . was reasonably calculated to uncover all relevant documents," *Oglesby*, 920 F.2d at 68. Agency affidavits or declarations are "entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." *Batton*, 598 F.3d at 176 (citing *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991)). Absent evidence to the contrary, courts will assume that an agency is acting in good faith and telling the truth about its search. *Negley,* 589 F. App'x at 730. *See also Gahagan*, 147 F. Supp. 3d at 622 ("These [affidavits or declarations] 'are afforded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.'" (citation omitted)).

"Once the agency has shown that its search was reasonable, the burden shifts to the plaintiff to present evidence creating a genuine issue of material fact 'as to the adequacy of the

search.'" *Brewer v. U.S. Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *4 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-CV-1018-B, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019) (citing *Negley*, 589 F. App'x at 730). Again, a plaintiff cannot defeat a summary judgment motion with "[m]ere speculation that as yet uncovered documents may exist." *Negley*, 589 F. App'x at 730. Further, "[a]s a matter of law, a requester's demand that certain records systems be searched does not obligate the agency to search those systems." *Morgan v. Fed. Bureau of Investigation*, No. A-15-CA-1255-SS, 2016 WL 7443397, at *3 (W.D. Tex. May 24, 2016) (citation omitted). Instead, in analyzing whether the plaintiff has met its burden to establish a genuine issue of material fact, "the relevant inquiry is whether the agency could reasonably expect to locate responsive documents on systems other than ones searched." *Id.* Ultimately, though, a court need "decide only whether the search was adequate." *Batton*, 598 F.3d at 176.

### B.  Defendant Conducted an Adequate Search

The declaration submitted by Defendant, detailing its search efforts, establishes that it conducted a search in good faith that was reasonably calculated to uncover all relevant documents. Courts have affirmed the adequacy of the agency's search in FOIA cases based on declarations like the one provided here by Defendant. For example, in *Rutila v. U.S. Dep't of Transportation*, the Court granted summary judgment in favor of the agency based on declarations attesting that "no other organization within the agency would be likely to maintain the records [the plaintiff] requested." No. 3:16-CV-2911-B, 2022 WL 2359640, at *7 (N.D. Tex. June 30, 2022), aff'd, 72 F.4th 692 (5th Cir. 2023). Because the agency "requested any records from all the agencies that might prove responsive to [the] request[,] . . . the search 'was reasonably

calculated to discover the requested documents.'" *Id.* (citation omitted). Similarly, in *Morgan v. Fed. Bureau of Investigation*, the FBI's declarant explained that "any and all responsive records would reasonably be expected to be located on the FBI's Central Records System (CRS), the principal records system used to locate information responsive to FOIA requests." No. A-15-CA-1255-SS, 2016 WL 7443397, at *2 (W.D. Tex. May 24, 2016). The court concluded that "[b]ased on [the declarant's] affidavit, and considering the lack of any contradictory evidence or evidence of bad faith, . . . these search methods could be 'reasonably expected to produce the information requested' and were therefore adequate." *Id.* (citation omitted). Additionally, in *Gahagan*, the court affirmed the adequacy of the USCIS's search after reviewing declarations that described where the agency searched for responsive records and which search terms were used. *See* 147 F. Supp. 3d at 623-25.

Here, the Brinkmann Declaration establishes that the search for records responsive to Plaintiff's FOIA request was reasonably calculated to uncover all relevant documents maintained by OIP and/or its client offices. Defendant "utilized a multi-faceted approach to conduct its search, including searches of several different records repositories and targeted inquiries to senior Department officials and subject matter experts." *Id.* at ¶ 10. First, Defendant conducted searches of three different records systems, including (1) unclassified e-mail accounts for former OAG officials, (2) the Departmental Executive Secretariat ("DES"), the official records repository of OAG, and (3) physical paper files and documents maintained by former OAG officials, utilizing the Department's Records and Information Tracking Tool ("RITT"). *See id.* at ¶¶ 13-19. In conducting its search, Defendant selected its search date range, records systems, records custodians, and search terms based on its knowledge of the missions and functions of

Department offices, the specific language in Plaintiff's FOIA request, and information gleaned from Defendant's own research about the TSDB. *See id.* at ¶¶ 10-12.

Then, "[h]aving identified no responsive records to Plaintiff's FOIA request from the [initial records systems searches, [Defendant], exercising additional due diligence to identify potentially responsive records, reached out directly to senior Department leadership officials to inquire about additional search terms, records locations, or potential records custodians." *Id.* at ¶ 20. Consequently, at the advice of these leadership officials, Defendant took the extraordinary step of reaching out to the FBI's FOIA Litigation Unit, and, subsequently, the FBI's Terrorist Screening Center Law Unit ("TSCLU"), to discuss Plaintiff's FOIA request and explore possible leads for Defendant's ongoing search efforts. *See id.* at ¶ 21-22. Through its discussions with the TSCLU, Defendant learned that the citations to the Code of Federal Regulations listed in Plaintiff's request neither apply to nor govern the TSDB and that it was "reasonable that OIP's various searches [] had identified no records responsive to Plaintiff's FOIA request based on [the TSCLU's] knowledge of the workings of the Terrorist Screening Database." *Id.* at ¶ 22.

In sum, the Brinkmann Declaration confirms that Defendant's searches for responsive records "were conducted in a dynamic, efficient, and comprehensive manner." *Id.* at ¶ 23. Defendant provided clear, detailed descriptions of the search locations, custodians searched, date range, and search terms that it used for each facet of its records search. *See id.* at ¶¶ 10-19; *see also Gahagan,* 147 F. Supp. 3d at 623-25 (holding that agency conducted a legally adequate search after reviewing declarations that included descriptions of specific search terms, search locations, and custodians searched). Defendant also reasonably determined that the custodians and records repositories that it searched were those most likely to maintain the requested information, and

these searches, "coupled with [subsequent] discussions with senior leadership offices and TSCLU attorneys, did not identify any potential search leads for potentially responsive records maintained elsewhere which could necessitate additional searches." Brinkmann Decl. at ¶ 23. *See also Rutila,* 2022 WL 2359640, at *7 (finding search reasonably calculated to discover requested documents based on declarations attesting that "no other organization within the agency would be likely to maintain the records [the plaintiff] requested"). Thus, "OIP's search was reasonably calculated to uncover all responsive records." Brinkmann Decl. at ¶ 24.

Accordingly, Defendant's search was adequate, conducted in good faith, and used methods reasonably expected to produce the records sought by Plaintiff in its FOIA request.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter summary judgment in its favor.

Respectfully submitted,

NICHOLAS GANJEI
UNITED STATES ATTORNEY

By:  /s/ *Lander B. Baiamonte*
       LANDER B. BAIAMONTE
       Assistant United States Attorney
       Southern District of Texas No.:
       3312493
       Texas State Bar No.: 24103831
       800 N. Shoreline Blvd., Suite 500
       Corpus Christi, TX 78401

Telephone No.: (361) 888.3111
Facsimile No.: (361) 888.3200
E-Mail: lander.baiamonte@usdoj.gov
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, Lander B. Baiamonte, certify that on March 10, 2025, the foregoing pleading was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

*/s/ Lander B. Baiamonte*
Lander B. Baiamonte
Assistant United States Attorney